```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
LOCAL 335, UNITED SERVICE WORKERS
UNION, IUJAT,
                                        ORDER ADOPTING
                 Plaintiff,             REPORT & RECOMMENDATION
                                        09-CV-3583(JS)(ARL)
       -against-

ROSELLI MOVING AND STORAGE CORP.
d/b/a ROSELLI MOVING,

                 Defendant.
----------------------------------X
APPEARANCES:
For Plaintiff:    Julie Pearlman Schatz, Esq.
                  Richard M. Greenspan, P.C.
                  220 Heatherdell Road
                  Ardsley, NY 10502

For Defendant:    No appearance
```

SEYBERT, District Judge:

Local 3355, United Service Workers Union, IUJAT (the "Union") commenced this action on August 18, 2009 seeking damages for breach of contract under Section 301 of the Labor Management Relations Act of 1974 ("LMRA"), 29 U.S.C. § 185, et seq. The Union previously commenced arbitration proceedings against Defendant following its failure to remit dues and initiation fees collected from its employees, as required under the CBA. Following Defendant's failure to make an appearance at arbitration proceedings, the arbitrator awarded the Union $2,441.88 in damages for unpaid dues and initiation fees for the months of October 2008 through March of 2009. Defendant has

refused to comply with the arbitrator's award. The Union brought this action to enforce the arbitration award and recover pre-judgment interest, attorney's fees, and costs.

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not facially erroneous." Walker v. Vaughan, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) (citation omitted). However, if a party serves and files specific, written objections to a magistrate's report and recommendation within ten days of receiving the recommended disposition, see FED. R. CIV. P. 72(b), the district "court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b). When a party raises an objection to a magistrate judge's report, "the court is required to conduct a de novo review of the contested sections." See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). However, "[w]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Barratt v. Police Officers William Joie and Thomas Fitzgerald, No. 96-CV-0324, 2002 U.S. Dist. LEXIS 3453, at *2 (Mar. 4, 2002) (citations omitted).

In this case, no party has objected to Judge Lindsay's R&R. Upon careful review and consideration, the Court ADOPTS the R&R in its entirety, finding no clear error in its recommendations; except that the Clerk of the Court is directed to calculate the amount of pre-judgment interest, at the rate of 9% per annum, running from the date of the arbitration award to the date judgment is entered. Thereafter, the Clerk of the Court is directed to mark this matter CLOSED.

                SO ORDERED.

                /s/ JOANNA SEYBERT
                Joanna Seybert, U.S.D.J.

Dated:    August  13 , 2010
          Central Islip, New York